# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>JOSEPH PHAIR,<br><br>　　　　　　Defendant. | Case No.: 19cv1670-LAB (MSB)<br><br>**ORDER STRIKING COMPLAINT** |

Plaintiff filed a complaint bringing claims under the Telephone Consumer Protection Act. But the complaint includes various warnings and admonitions to Defendant Joseph Phair's attorney. (Compl., ¶¶ 4–10.) Neither Phair nor his counsel has made an appearance.

Paragraph 4 instructs Phair's attorney about pleading affirmative defenses, and concludes that certain affirmative defenses (which have not been pled) would be a sham. He also cites Civil Local Rule 83.4 and warns Phair's counsel to obey it or face consequences. He claims, among other things, that this rule forbids any derogatory statement about him. The complaint also includes language stating that Phair's attorney has already read and agreed to abide by Civil Local Rule 83.4, and demands an admission or denial of this averment in the answer. (Compl., ¶ 7.) He repeatedly admonishes Phair's attorney not to commit criminal deceit in the

course of dealings with him. (*Id.*, ¶ 8–9.)  He also threatens to file a state bar complaint and seek sanctions against Phair's attorney if he "makes any derogatory remarks in his pleadings toward Plaintiff . . . .") (*Id.*, ¶ 10.)

None of this belongs in a complaint.  *See* Fed. R. Civ. P. 8 (giving standards for pleadings). Phair's attorney has not even appeared in this case, and it is possible Phair will not retain one. There is no reason at this point for Ewing to expect that opposing counsel will commit criminal deceit, to imply that he or she is likely to commit criminal deceit or any other ethical violation, or to threaten a bar complaint or sanctions. A complaint is not the place for a plaintiff to reprimand opposing counsel for things that have not happened, and it is not a contract that a plaintiff can use to bind opposing counsel. Ewing is not entitled to demand that Phair's attorney include these admissions or denials in the answer, and his unsound legal advice to opposing counsel is not needed or welcome.

Furthermore, the implication that a yet-unknown attorney is likely to commit criminal deceit or violate rules of professionalism and civility, in this context, is a violation of Civil Local Rule 83.4.  The Court notes that Ewing has included similar language in numerous other recently-filed cases,[1] and admonishes him that he must cease doing so immediately. Doing so amounts to a violation of both Civil Local Rule 83.4 and the Court's order of May 29, 2019 in case 18cv1455, *Ewing v. Oasis Media*.

///

---

[1] These include 19cv00941 CAB (MSB) *Ewing v. United Business Funding, LLC.*; 19cv00994 LAB (WVG), *Ewing v. Kabbage, Inc.*; 19cv01005 BAS (LL), *Ewing v. Senior Life Planning, LLC*; 19cv01031 DMS (AHG), *Ewing v. JS Holdings, LLC*; 19cv01112 DMS (LL) *Ewing v. Oxford Tax Partners, LLC*; 19cv01172 CAB-BGS, *Ewing v. Direct Merchant Funding, Inc. et al.*; 19cv01319 LAB (JLB), *Ewing v. FundShop, LLC*; and 19cv01651 DMS (MSB), *Ewing et al. v. Gray Wolf Technology, LLC.*

Fed. R. Civ. P. 12(f) authorizes the Court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter," and the Court may do so *sua sponte*. Rule 12(f)(1). The complaint is **ORDERED STRICKEN**. Within **14 calendar days of the date this order is issued**, Ewing may file an amended complaint that omits the language from paragraphs 4 through 10.

**IT IS SO ORDERED**.

Dated: September 6, 2019

*Larry A. Burns*
Hon. Larry Alan Burns
Chief United States District Judge